UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WALTER CRUCE SAUNDERS, III, *Plaintiff* | §<br>§<br>§<br>§ | |
| v. | §<br>§ | No.  1:26-CV-00224-ADA-DH |
| SHERITA LYNCH, ADVOCATE FOR ALL LLC, TRAVIS COUNTY, TEXAS, *Defendants* | §<br>§<br>§<br>§<br>§ | |

**ORDER**

Before the Court are pro se Plaintiff Walter Cruce Saunders, III's motion to extend time for service, Dkt. 8, and motions for alternative service, Dkts. 9; 10. After reviewing the filings and the relevant law, the Court will grant Saunders's motion for extension of time, Dkt. 8, grant his motion for alternative service as to Defendant Sherita Lynch, deny his motion for alternative service as to Defendant Advocate for All, LLC ("AFA"), Dkt. 9, and deny his motion for alternative service as to Defendant Travis County (the "County"), Dkt. 10.

## I.     MOTION FOR EXTENSION OF TIME

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the

1

failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The analysis under Rule 4(m) requires two steps:

> [W]hen a district court entertains a motion to extend time for service, it must first determine whether good cause exists. If good cause is present, the district court *must* extend time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service.

*Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (emphasis in original) (quoting *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

Typically, good cause for failure to timely serve "requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Id.* (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)). It also requires "'some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance.'" *Id.* (quoting *Lambert*, 44 F.3d at 299).

Here, Saunders, who is proceeding pro se, has made diligent, good-faith efforts to serve all defendants. *See* Dkt. 8, at 2-3. Saunders's inability to properly serve defendants, despite his diligent efforts to do so, is a reasonable basis for his failure to comply with Rule 4(m). *See Gartin*, 289 F. App'x at 692. The Court therefore concludes that Saunders has shown good cause for an extension of time to serve.

Accordingly, **IT IS ORDERED** that Saunders shall serve all defendants **on or before Monday, June 15, 2026**, in accordance with the discussion below.

## II.      MOTIONS FOR ALTERNATIVE SERVICE

In support of his motion for alternative service on Lynch and AFA, Saunders asserts that he has unsuccessfully attempted to serve both Lynch and AFA once at

2

AFA's North Highway 183/Research Boulevard address as listed in underlying state-court filings. Dkt. 9, at 2, 11.[1] During that attempt, a front-desk employee informed the process server that Lynch maintained a mailbox at the property but not an actual office, that the mail service had been unsuccessfully attempting to contact Lynch there for some time, and that the employee had only seen Lynch at the location twice. *Id.* at 3, 11. Saunders states that because Lynch is the sole registered agent for AFA, and the North Highway 183/Research Boulevard address is the only publicly available address for both defendants, his inability to serve Lynch at the address "necessarily prevents service on both defendants." *Id.* at 3. Saunders requests permission to serve Lynch and AFA via email or certified mail at the address discussed. *Id.* at 6. Saunders also requests permission to serve AFA through the Texas Secretary of State under Texas Business Organizations Code section 5.251. *Id.*

In his motion for alternative service on the County, Saunders explains that he attempted to serve the County by delivering a copy of the summons and complaint in person to County Judge Andy Brown, but that security prevented the process server from delivering the summons to Judge Brown and refused to accept service on his behalf. Dkt. 10, at 2, 9. Saunders requests permission to serve the County by emailing the Office of the County Judge or certified mail to Judge Brown. *Id.* at 4.

"Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l,*

---

[1] Saunders attaches proof of service from the processor noting, under penalty of perjury, that summons were returned unexecuted for Lynch. Dkt. 9, at 9. He does not include any affidavit regarding summons on AFA.

*Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). As described in more detail below, federal and state law provide the means for service depending on the type of defendant. Where efforts at service by one of those enumerated means have been unsuccessful, a plaintiff may request alternative or substituted service. *Joe Hand Promotions, Inc. v. MHB Enters., LLC*, No. SA-24-CV-00064-XR, 2024 WL 1595678, at *1 (W.D. Tex. Feb. 20, 2024) ("[O]nly after service by one of the two methods provided in Rule 106(a) fails may a court, upon a motion supported by proper affidavit, authorize substituted service."); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298-99 (Tex. 1993).[2]

The burden is on the moving party to show that a substitute method of service is appropriate and necessary under Texas law. *Oden v. Wellfirst Techs., Inc.*, No. 2:20-CV-00034, 2020 WL 11272644, at *2 (S.D. Tex. May 29, 2020); *see also In re E.R.*, 385 S.W.3d 552, 564 (Tex. 2012) ("[I]f personal service can be effected by the exercise of reasonable diligence, substituted service is not to be resorted to." (citation omitted)). "[T]he task of determining when the particularities and necessities of a given case require alternate service of process is placed squarely within the sound discretion of the district court." *SEC v. Millennium Bank*, No. 7:09-CV-050-O, 2009 WL 10689097, at *1 (N.D. Tex. Oct. 21, 2009).

---

[2] Upon motion supported by sworn statement, the Court may authorize alternative service "(1) by leaving a copy of the citation and a copy of the petition with someone sixteen years of age or older at the location provided in the affidavit; or (2) in any other manner the court finds will be reasonably effective to give notice based on the affidavit and other evidence." *See* Tex. R. Civ. P. 106(b). "The plaintiff must meet a high evidentiary burden to prove that such service is reasonably calculated to provide notice of the proceedings in time to answer and defend." *Titus v. S. Cnty. Mut. Ins.*, No. 03-05-00310-CV, 2009 WL 2196041, at *4 (Tex. App.—Austin July 24, 2009, no pet.)

### A.    Saunders's motion for alternative service on Lynch will be granted.

A plaintiff is permitted to serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Texas Rule of Civil Procedure 106(a) provides that service of a citation may be accomplished by (1) delivering it to the defendant in person, or (2) mailing it to the defendant by registered or certified mail, return receipt requested. Tex. R. Civ. P. 106(a). Because it is generally more reliable, Texas law prefers personal service over substitute service. *See Taylor v. State*, 293 S.W.3d 913, 915-16 (Tex. App.—Austin 2009, no pet.).

As described above, Saunders states that he attempted to serve Lynch once at AFA's North Highway 183/Research Boulevard address, which is the only publicly available address for Lynch. Dkt. 9, at 4. He requests alternative service via certified mail to that same address or email service, since Lynch has listed email addresses on filings in the underlying state-court case. *Id.* at 6.

Strictly speaking, Rule 106(b) states that it is only when the plaintiff provides a statement "listing any location where the defendant can probably be found and stating specifically the facts showing that the service has been attempted under [Rule 106(a)] at the location named in the statement but has not been successful," that the court may authorize service by leaving copies with anyone older than 16 at that location or "in any other manner," including email. Tex. R. Civ. P. 106(b). The statement from Saunders's process server that "it is very unlikely" Lynch will be

located at the North Highway 183/Research Boulevard address indicates Lynch can probably not be found there. Dkt. 9, at 11. But a review of state records[3] shows that AFA's mailing address is 9600 Great Hills Trail, Suite 150W, Austin, Texas 78759. It is reasonably likely that Lynch could be found there, and Saunders has not yet attempted service at that location. In the event Lynch cannot be found there, the Court finds it is appropriate to authorize service by leaving a copy of the summons and complaint with anyone older than 16 at that address. The Court also finds that service by email is appropriate, since Lynch has regularly used her email address in the underlying state filings. Service on Lynch by leaving a copy of the summons and complaint with anyone older than 16 at the Great Hills address or by sending a copy of the summons and complaint via email is "reasonably calculated" to provide Lynch with notice. *E.R.*, 385 S.W.3d at 564; *Titus*, 2009 WL 2196041, at *4.

Accordingly, Saunders's motion for alternative service on Lynch, Dkt. 9, is **GRANTED**. Saunders may serve Lynch by leaving a copy of this order, the summons, and his complaint with anyone older than 16 at 9600 Great Hills Trail, Suite 150W, Austin, Texas 78759 or by sending a copy of the same via email to sherita@advocateforall.net.

---

[3] *See* Fed. R. Evid. 201(b) (explaining that courts may take judicial notice of fact not subject to reasonable dispute because it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (approving judicial notice of public records by district court reviewing motion to dismiss).

**B.      Saunders's motion for alternative service on AFA will be denied.**

The undersigned finds that Saunders has not met his burden of demonstrating that alternative service on AFA is warranted. A limited liability company ("LLC") such as AFA is properly served under the laws of Texas, in the manner prescribed by Federal Rule of Civil Procedure 4(e)(1) for serving an individual, or "by delivering a copy of the summons and of the complaint to the officer, a managing or general agent, or any other agent authorized ... to receive service of process." Fed. R. Civ. P. 4(h)(1); *see Gray Casualty & Surety Co. v. 3i Contracting, LLC*, No. 3:23-CV-2511-L, 2024 WL 1121800, at *15 (N.D. Tex. Mar. 13, 2024). Texas law permits service by (1) delivering a copy of the citation and petition to a defendant in person; or (2) mailing a copy of the citation and petition to the defendant by registered or certified mail, return receipt requested. *See* Tex. R. Civ. P. 106(a). To serve an LLC, the citation must be addressed to the company's manager or registered agent. *See* Tex. Bus. Org. Code § 5.201(a)-(b), § 5.255(3).[4]

In support of his motion for alternative service via email, certified mail, or the Secretary of State, Saunders points to the statement from his process server stating that Lynch is unlikely to be found at an address on North Highway 183/Research Boulevard and that his inability to serve Lynch there "necessarily prevents service

---

[4] Alternatively, under the Texas Business Organizations Code, the Texas Secretary of State is "an agent of an entity for purposes of service of process, notice, or demand on the entity if: (1) the entity is a filing entity or a foreign filing entity and: ... (B) the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity." Tex. Bus. Org. Code §§ 5.251, 5.252. It is only when those requirements are satisfied that service may be accomplished by serving the Texas Secretary of State pursuant to section 5.252. *See id.*

on" AFA, as well. Dkt. 9, at 3, 11. The process server's proof of service also reflects an attempt to serve only Lynch. *Id.* (stating the summons was for Sherita Lynch).

Again, state records show that AFA's mailing address is 9600 Great Hills Trail, Suite 150W, Austin, Texas 78759, and AFA's registered agent is located at 5900 Balcones Drive, Suite 100, Austin, Texas 78731. Because Saunders has not attempted service using the enumerated methods at either of those addresses, his motion for alternative service with respect to AFA is **DENIED** without prejudice.

### C.     Saunders's motion for alternative service on the County will be denied.

A plaintiff may sue a county by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j). In Texas, the county judge is the chief executive officer of a county, and the county judge may be served using the methods in Rule 106(a). *Lukose v. City of Carrollton, Tex.*, No. 3:25-CV-3137-G-BW, 2026 WL 759775, at *3, 5 (N.D. Tex. Mar. 18, 2026) (citing Tex. Civ. Prac. & Rem. Code § 17.024(a)); *see* Tex. R. Civ. P. 106.

The Court will deny Saunders's motion for alternative service on the County. As stated above, Saunders attempted to serve the County once by delivering a copy of the summons and complaint to Judge Brown personally. Dkt. 10, at 2, 9. He requests permission to serve Judge Brown by email or certified mail. *Id.* at 4. But under Rule 106(a), Saunders does not need Court authorization to serve Judge Brown by certified mail. *See* Fed. R. Civ. P. 4(j)(2)(B) (permitting service on the county by

serving a copy of the summons and complaint in the manner prescribed by state law); Tex. R. Civ. P. 106(a) (permitting service by mailing a copy of the citation and petition by certified mail); *Lukose*, 2026 WL 759775, at *5. Saunders's motion for alternative service on the County is therefore **DENIED** without prejudice.

SIGNED May 15, 2026.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

9